[Cite as *State v. Rose*, 2016-Ohio-7575.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-316 |
| | | (C.P.C. No. 15CR-2000) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Jonathan L. Rose, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 1, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Blaise G. Baker*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Jonathan L. Rose, appeals from a judgment entry of the Franklin County Court of Common Pleas finding him guilty of one count of attempted murder, one count of felonious assault, and one count of having a weapon while under disability, all with specifications. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} By indictment filed April 22, 2015, plaintiff-appellee, State of Ohio, charged Rose with one count of felonious assault, in violation of R.C. 2903.11, a second-degree felony; one count of having a weapon while under disability, in violation of R.C. 2923.13, a third-degree felony; and one count of attempted murder, in violation of R.C. 2923.02 and 2903.02, a first-degree felony. The felonious assault charge contained a three-year firearm specification, a one-year firearm specification, and a repeat violent offender

specification.  The having a weapon while under disability charge contained a three-year firearm specification.  The attempted murder charge contained an accompanying three-year firearm specification and a repeat violent offender specification.  The trial court appointed counsel to represent Rose, and Rose entered a plea of not guilty.

{¶ 3}  On May 28, 2015, the trial court granted appointed counsel leave to withdraw due to a conflict of interest.  The trial court appointed new counsel for Rose that same day.

{¶ 4}  Initially, the trial court scheduled the trial for June 2, 2015.  However, at the request of the parties, the trial court continued the matter five times until January 11, 2016.  Subsequently, on January 4, 2016, the state requested a continuance because the prosecutor was unavailable.  Rose did not oppose the request, and the trial court granted the state's request for a continuance, continuing the trial until February 1, 2016.  On February 1, 2016, the trial court continued the matter until April 18, 2016 because the trial court was unavailable.  At the request of the parties, the trial court then continued the matter for one more day to April 19, 2016.

{¶ 5}  When the parties appeared for trial on April 19, 2016, Rose's counsel addressed the trial court and stated Rose wanted to ask for a continuance even though his counsel explained to him that the jurors were ready to be brought into the courtroom, the trial court had cleared its calendar, the witnesses were ready to testify, and defense counsel had the opportunity to speak with the victim.  Defense counsel further informed the trial court that Rose "has indicated an interest in entering a plea of guilty but he just doesn't want to do it today."  (Tr. at 5.)  The trial court then addressed Rose directly, asked him if he understood the charges against him, and explained to him that if convicted of all counts in the indictment, he was facing 30 years in prison.  Rose told the trial court his counsel had discussed the plea offer with him and that he understood he would face a sentencing range of 9 to 20 years if he agreed to enter a guilty plea.  Rose said he wanted a continuance because "[i]t's so much pressure, * * * [he's] not ready, [he] need[s] time to think 'cause this is [his] life."  (Tr. at 9.)  He also stated there was "no evidence" against him, only accusations.  (Tr. at 9.)

{¶ 6}  The trial court told Rose that it understood he was feeling pressure but that the amount of pressure he felt was not going to change if the court granted a continuance.

The trial court then told Rose it would not grant a continuance, but the trial court told Rose it would still accept Rose's guilty plea if Rose wanted to plead guilty after the trial began. The trial court granted a recess for Rose to consult with his counsel about whether he wanted to enter a plea, and the trial court allowed Rose to discuss the matter with his mother.

{¶ 7} After the recess, defense counsel informed the trial court that the state had offered to drop the repeat violent offender specifications and the felonious assault charge if Rose would agree to enter a guilty plea to the attempted murder charge and having a weapon while under disability charge, both with firearm specifications. Defense counsel told the trial court that Rose was rejecting the offer and "wants to proceed with a jury trial at this time." (Tr. at 13.) After the trial court verified with Rose that he did not wish to accept the plea offer, the matter proceeded to a jury trial on the felonious assault and attempted murder charges and a bench trial on the having a weapon while under disability charge.

{¶ 8} At the conclusion of the trial, the jury returned guilty verdicts on the felonious assault and attempted murder charges with accompanying specifications. Additionally, the trial court found Rose guilty of the having a weapon while under disability charge and accompanying firearm specification. Following an April 21, 2016 sentencing hearing, the trial court sentenced Rose to an aggregate prison term of 23 years. Rose timely appeals.

## II. Assignment of Error

{¶ 9} Rose assigns the following error for our review:

> The trial court committed reversible error by failing to grant Defendant-Appellant's request for a continuance.

## III. Analysis – Continuance

{¶ 10} In his sole assignment of error, Rose argues the trial court erred when it denied his request for a continuance on the day of trial.

{¶ 11} " '[T]he grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion.' " *State v. Woods*, 10th Dist. No. 09AP-667, 2010-Ohio-1586, ¶ 23, quoting *State v. Unger*, 67 Ohio St.2d 65, 67

(1981). An abuse of discretion connotes a decision that was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Further, " '[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' " *Woods* at ¶ 23, quoting *Unger* at 67.

{¶ 12} In reviewing whether a trial court abused its discretion in denying a continuance, an appellate court weighs any potential prejudice to the defendant against the court's right to control its docket and the public's interest in the efficient dispatch of justice. *Woods* at ¶ 24, citing *Unger* at 67. In evaluating a request for a continuance, a court considers: (1) the length of the requested delay; (2) whether the parties have requested and received other continuances; (3) the inconvenience to the parties, witnesses, opposing counsel, and the court; (4) whether the requested delay is for legitimate reasons or is merely dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstances giving rise to the request for a continuance; and (6) any other relevant factors, depending on the unique circumstances of each case. *Woods* at ¶ 24, citing *Unger* at 67-68. *See also State v. Presar*, 10th Dist. No. 09AP-122, 2009-Ohio-5127, ¶ 8.

{¶ 13} On the day of trial, Rose requested a continuance because he felt immense "pressure" trying to decide whether he should accept a plea agreement from the state. (Tr. at 9.) The trial court had previously continued the matter six times at the request of the parties, once at the request of the state and once at the court's request. By the time the parties appeared for trial on April 19, 2016, the matter had been pending for nearly one year. Rose did not ask the trial court for any specific length of time in his requested continuance; instead, he stated only that he felt too much pressure trying to decide whether he should accept the plea agreement. The trial court stated it was understandable that Rose would be feeling pressure but noted that Rose would still feel pressure in another week. The trial court had summoned the jurors and was ready to bring them into the courtroom, the trial court had cleared its schedule for the trial, and the state's witnesses were present and ready to testify. Rose created the circumstances giving rise to the requested continuance because he was unable to make a decision; the

circumstances for the requested continuance were not a result of any outside factors beyond Rose's control.

{¶ 14} Considering all the circumstances surrounding Rose's request for a continuance, we conclude the trial court did not abuse its discretion in denying his oral motion for a continuance. Rose did not articulate any prejudice to him should he not receive the requested continuance other than his desire to have more time to consider entering a guilty plea, and there would have been considerable inconvenience to the state's witnesses who were present and ready to testify. Rose did not indicate that he was unaware of the terms of the prospective plea agreement or that he did not understand the charges against him; to the contrary, the trial court walked him through the charges step-by-step and made sure he understood the possible penalties accompanying each charge. The argument that Rose may have, after a continuance, accepted the plea agreement and potentially received a lesser sentence is purely speculative. Importantly, we note the trial court granted Rose a recess to further discuss the plea with both counsel and his mother, and the trial court told Rose he could still enter a plea after the trial commenced if he were to change his mind. That Rose chose not to enter a plea and to proceed with a jury trial does not render the trial court's denial of his motion for a continuance an abuse of discretion.

{¶ 15} Under these circumstances, the trial court did not abuse its discretion in denying Rose's motion for a continuance. Accordingly, we overrule Rose's sole assignment of error.

## IV. Disposition

{¶ 16} Based on the foregoing reasons, the trial court did not abuse its discretion in denying Rose's motion for a continuance on the day of trial. Having overruled Rose's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.